UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60902-BLOOM/Valle

CORNELIA SPOREA,

    Plaintiff,

v.

REGIONS BANK, N.A.

    Defendant.

_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On April 5, 2019, Plaintiff filed a complaint against Regions Bank, N.A. ("Defendant"). ECF No. [1] ("Complaint"). For the reasons set forth below, the Court lacks subject matter jurisdiction and dismisses the Complaint.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and

citations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Federal Rule of Civil Procedure 8(a)(1) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction." "A district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotations and citation omitted). In the Complaint, Plaintiff alleges that "[t]his Court has jurisdiction based on US Statutes & Rules/Codes…" ECF No. [1] ¶ 2. But Plaintiff has failed to allege facts in her Complaint to support any of the three types of subject matter jurisdiction.

The Complaint is nearly incomprehensible but appears to relate to a mortgage agreement entered into by Plaintiff in 2003. Sometime thereafter Defendant was retained by the noteholder to act as the servicer of the loan. Plaintiff alleges that Defendant failed to perform its duties as the servicer of the loan.

Nothing about the claims asserted by Plaintiff suggests that she is claiming a violation of the Constitution or asserting a cause of action established by a congressionally created private right of action for a violation of a federal statute. Accordingly, the Complaint does not sufficiently allege a claim invoking this Court's federal question jurisdiction.

Plaintiff also fails to allege facts from which the Court could determine that it has subject matter jurisdiction over this action based upon diversity jurisdiction. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Here, Plaintiff's allegations are insufficient to establish the citizenship of Defendant.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**;
2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 8, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Cornelia Sporea
5041 N.W. 112 Drive
Coral Springs, FL 33076