UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60902-BLOOM/Valle

CORNELIA SPOREA,

    Plaintiff,

v.

REGIONS BANK, N.A.

    Defendant.
_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [8] (the "Application" or "Motion"), filed in conjunction with Plaintiff's Amended Complaint, ECF No. [7] (the "Amended Complaint"), asserted against Regions Bank, N.A. ("Defendant"). Plaintiff Cornelia Sporea ("Plaintiff") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Amended Complaint, the Application, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and the Application is **DENIED AS MOOT**.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1

(11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se*

pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). Even under the relaxed pleading standard afforded to pro se litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), the Complaint fails.

In her Complaint, Plaintiff asserts violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). "To state a claim under the Fair Debt Collection Practices Act, a plaintiff must allege that (1) [he or she] has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Freire v. Aldridge Connors, LLP*, 994 F. Supp. 2d 1284, 1287 (S.D. Fla. 2014) (internal quotations omitted). Additionally, actions to enforce liability for violations of the FDCPA may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

The only allegation in the Amended Complaint relating to conduct that occurred within one year prior to the filing date is:

> Defendant(s) "Regions" has been in Default by Erroneously, Fraudulently, and Usurptory [sic] Practices Charging four (4) Hazard Insurance Payment Totally of $ 32,347.44 only in 2013 …. **including the <u>2018 Hurricane Repair Check</u> demanding as payment to their Fees or Personal use…demanding over $150,000.00 Fees just in 2018 & 2019.**

ECF No. [7] ¶ 7 (emphasis in original). Plaintiff fails to allege that Defendant has engaged in an act or omission prohibited by the FDCPA. Therefore, as the Court is unable to ascertain any

plausible claim for relief from Plaintiff's Complaint, the instant action must be dismissed. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Complaint, **ECF No. [7]**, is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff's Application, **ECF No. [8],** is **DENIED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 17, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Cornelia Sporea
5041 N.W. 112 Drive
Coral Springs, FL 33076